**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 26-6310

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS ISAIAH CURRY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:20-cr-00183-MOC-DCK-1)

Submitted:  July 23, 2026                                    Decided:  July 28, 2026

Before WYNN and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Marcus Isaiah Curry, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Isaiah Curry seeks to appeal the district court's order denying on the merits his Fed. R. Civ. P. 60(b) motion for relief from the court's prior denying relief on his 28 U.S.C. § 2255 motion.[*] The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Curry has not made the requisite showing. The claim Curry raised in his Rule 60(b) motion regarding the district court's failure to hold an evidentiary hearing on his § 2255 motion essentially challenged the validity of his underlying convictions and, thus, the motion should have

---

[*] The district court's order also denied two other motions filed by Curry. However, Curry's informal brief solely addresses the denial of Rule 60(b) relief. Accordingly, he has forfeited appellate review of the district court's disposition of these other motions. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

2

been construed as a successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. McRae*, 793 F.3d 392, 397-99 (4th Cir. 2015). Absent prefiling authorization from this court, the district court lacked jurisdiction to entertain Curry's successive § 2255 motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h). Accordingly, we deny a certificate of appealability and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*